**Reversed and Remanded and Majority and Concurring Opinions filed February 8, 2024.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-23-00090-CV

---

### PEARLAND URBAN AIR, LLC, Appellant

### V.

### ABIGAIL DALILA CERNA A/N/F OF R.W., Appellee

---

**On Appeal from the 11th District Court
Harris County, Texas
Trial Court Cause No. 2022-33992**

---

### CONCURRING OPINION

The majority concludes that Cerna's Texas Arbitration Act argument is one for the arbitrator to decide—and not the courts. I respectfully disagree. In my mind, this is a contract formation question, which is for the courts to decide.

Under the TAA, a claim for personal injury may not be subject to an arbitration agreement unless the arbitration agreement is signed by each party and each party's attorney. *See* Tex. Civ. Prac. & Rem. Code § 171.002(a)(3), (c). Here,

it is undisputed that the agreement was not signed by each party's attorneys. While it may be a valid signed agreement, it is not a valid signed arbitration agreement under the TAA.

However, it is also undisputed that the agreement states that the Federal Arbitration Act applies. And the FAA preempts the state law requirement of signatures by each party's attorneys. *See ReadyOne Indus., Inc. v. Lopez*, 551 S.W.3d 305, 316 (Tex. App—El Paso 2018, pet. denied) (personal injury case); *In re Olshan Foundation Repair, Co.*, 328 S.W.3d 883 (Tex. 2010) (consumer case).

While the majority delegates this issue to the arbitrator, I believe it is for the courts. I would hold that the FAA preempted the signature requirement and therefore it is not a defense to arbitration.


/s/     Tracy Christopher
         Chief Justice


Panel consists of Chief Justice Christopher and Justices Wise and Jewell.